EUNICE A. LAMBERT v. THE METROPOLITAN SAVINGS AND LOAN ASSOCIATION.

Submitted February 20 and 21, 1900—Decided June 11, 1900.

When a person, who is the authorized agent of A and also of B, makes as agent of B a contract with C, and C, to the knowledge of the agent, is led to believe that his contract is with A, and C pays the consideration to the agent under that belief, he can enforce the contract against A. The agent having authority to make such contract for A, and holding out that he is making it for A, the principal cannot disavow it to the detriment of C.

On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the plaintiff, *Mahlon Pitney.*

For the defendant, *Robert H. McCarter.*

The opinion of the court was delivered by

VAN SYCKEL, J. The plaintiff's suit is brought to recover the sum of $1,350 paid by her to one Robert Seelan, superintendent of the defendant company, December 14th, 1897, for which he undertook on behalf of the company to deliver to her certain shares of "full paid investment stock" of said corporation. He failed to deliver said stock, by reason of which default the plaintiff claims the right to recover from the company the money so paid to its alleged agent.

A number of defences were set up on the trial which will be briefly considered. No question was made that the plaintiff had paid the money to Seelan.

His right to make the alleged contract on behalf of the company was controverted, but that was a question of fact which was properly submitted to the jury with appropriate instructions.

It appeared in the case that Seelan was acting also as an agent for the "American Building and Loan Association," and it is one branch of the defence that the contract of the plaintiff was made with Seelan as agent of the American company and not as agent of the defendant company. To support this contention a writing was produced by the defendant, signed by the plaintiff.

The court charged the jury that the mere receipt of the money by Seelan, although he was an agent of the defendant company, would not bind it; that the jury must find that the money was received for the defendant company, or that the plaintiff was, to the knowledge of Seelan, led to believe that it was for the defendant. Also that it was taken upon an agreement on Seelan's part, in behalf of the defendant, to furnish the stock applied for in the company or to return the money, or that the plaintiff, to Seelan's knowledge, was led to believe that it was the agreement of the defendant made by him and within his authority.

As to the paper signed by the plaintiff, the court charged that she is presumptively bound by all the words contained in it, and that she could not escape from it unless there had been deception or fraud.

The jury was also instructed that if the plaintiff was negligent in signing this paper and in accepting the representations of Seelan, her case failed. That inasmuch as the defendant company had not benefited by the transaction because it had not received the money, the loss should fall on the plaintiff if it would have been avoided by the exercise of reasonable care and prudence on her part.

It also appeared in evidence that Seelan gave to the plaint-

iff a certificate of investment stock in the American company, to which, at the time, she made no objection.

Her explanation was that she did not notice the name of the company; that she assumed it was the same as the defendant company, and did not know of the mistake until the following February.

The court directed the jury to find, under all the circumstances which appeared in the case, and under the instructions before given, whether a contract arose by the receipt of the money by Seelan for the defendant company under an agreement to furnish the investment stock of the defendant company, and if so whether she knowingly accepted as a substitute the contract of the American company, or lost her right to sue the defendant by instituting a suit against the American company to recover the money paid to Seelan.

The jury found in favor of the plaintiff upon all the questions of fact submitted, and we cannot say that the verdict is contrary to the weight of the evidence or that any injustice has been done. The law applicable to the case was correctly stated by the trial court.

The suit instituted by the plaintiff to recover from the American company her money, which that company, under the plaintiff's theory of the case, had no right to retain, was not an election on her part to accept the obligation of the American company in the stead of that of the defendant. It did not necessarily bar the right of action in this case. Whether under all the circumstances of the case it should operate as a bar was left to the jury with proper instructions.

The law as given to the jury was in accordance with the well-settled rule that representations made by an agent accompanying a contract entered into with him, affect the principal as part of the contract. *Dun. Ag. (Paley)* 256; *Story Ag.,* § 134 and cases cited.

The rule to show cause should be discharged.